# UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### Oakland Venue

### Petition for Warrant for Person Under Supervision

**Person Under Supervision**  
Darius Lamar Webster

**Docket Number**  
0971 4:24CR00317-001 JST

**Name of Sentencing Judge:** The Honorable John F. Walter  
United States District Judge  
Central District of California

**Date of Original Sentence:** April 11, 2022

**Original Offense:** Count One: Felon in Possession of a Firearm and Ammunition, Title 18 USC §§ 922(g)(1), 924(a)(2), a Class C Felony.

On June 7, 2024, the Northern District of California accepted the transfer of jurisdiction from the Central District of California and the case was assigned to the Honorable Jon S. Tigar.

**Original Sentence:** Eighteen (18) months imprisonment; three (3) years supervised release

**Special Conditions:** Participate in outpatient substance abuse treatment; may be placed in a residential drug treatment program; pay all or part of costs of court-ordered treatment; expanded search; mental health treatment; $100 special assessment fee; DNA collection; comply with the rules and regulations of the United States Probation and Pretrial Services Office and Second Amended General Order 20-40.

**Prior Form(s) 12:** On October 2, 2024, the Court was notified of Mr. Webster's substance use, failure to participate in outpatient substance treatment, and failure to participate in mental health treatment. The Court modified Mr. Webster's conditions to require him to reside at a residential reentry center for up to 180 days and observe the rules of that facility.

**Type of Supervision**  
Supervised Release  
**Assistant U.S. Attorney**  
Unassigned  
**Defense Counsel**  
Unassigned

**Date Supervision Commenced**  
August 16, 2023  
**Date Supervision Expires**  
August 15, 2026

**Petitioning the Court for the issuance of a no-bail warrant for the arrest of the person under supervision.**

RE: Webster, Darius Lamar  2
0971 4:24CR00317-001

I, Xitlalli Bobadilla, a Probation Officer employed in the United States District Court for the Northern District of California, solemnly affirm and declare, under penalty of perjury, that to the best of my information and belief, the facts set forth in this affidavit are true and correct. The factual affirmations made below are based on my personal knowledge, on official records or documents generated and maintained by my agency in the course of performing its functions, on official records or documents generated and maintained by other government agents or agencies in the course of performing their functions, or on information provided to me orally or electronically by employees or agents of other public agencies (information developed or acquired in the course of performing official agency functions).

| Charge Number | Violation |
| --- | --- |
| One | There is probable cause to believe the person under supervision violated a special that states, in part, that he shall participate in mental health treatment. |
| | Mr. Webster failed to attend individual mental health counseling sessions at the Hope program on August 21, 2024, August 26, 2024, October 30, 2024, November 6, 2024, and November 13, 2024. |
| | Evidence in support of this violation can be found in documentation received from Hope. |

| Charge Number | Violation |
| --- | --- |
| Two | There is probable cause to believe the person under supervision violated a special condition that states, in part, the defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath, or sweat patch testing, as directed by the Probation Officer. |
| | Mr. Webster failed to attend urine testing at the Hope program on September 11, 2024, September 23, 2024, October 18, 2024, October 30, 2024, and November 15, 2024. |
| | Evidence in support of this violation can be found in documentation received from Hope. |

| Charge Number | Violation |
| --- | --- |
| Three | There is probable cause to believe that the offender violated a mandatory condition that states, in part, that he not commit another federal, state or local crime. |
| | On January 10, 2025, Mr. Webster violated California Penal Code 496(d) – Possession of a Stolen Vehicle. |

**RE:** Webster, Darius Lamar 3
0971 4:24CR00317-001

> On January 10, 2025, San Leandro police officers received an alert from their Flock camera system about a stolen Lexus. Officers located the vehicle parked at 206 Marina Boulevard with Mr. Webster approaching the driver's door. Given the vehicle was reported stolen, officers conducted a high-risk stop, directing Mr. Webster to get on the ground. Mr. Webster followed all commands and was detained without incident. The vehicle was found running with keys in the ignition.
>
> When questioned after receiving his Miranda advisement, Mr. Webster asserted he had borrowed the vehicle from an individual identified only as "Yoshi," though he was unable to provide any corroborating information about this person.
>
> The victim, the registered owner of the vehicle, stated he had neither granted permission for anyone to operate his vehicle nor had any association with Mr. Webster or the alleged "Yoshi." Surveillance footage obtained from the location documented Mr. Webster as the sole occupant of the vehicle. The victim has expressed his intent to pursue criminal charges.
>
> Subsequently, Mr. Webster was taken into custody and transported to Santa Rita Jail for booking on charges related to California Penal Code 496(d), possession of a stolen vehicle.
>
> Evidence in support of this violation can be found in the San Leandro Police Report # 2025-0001140.

Based on the foregoing, there is probable cause to believe Darius Lamar Webster violated the conditions of his Supervised Release. Therefore, I ask the Court to issue a no-bail warrant for his arrest.

Respectfully submitted,                   Reviewed by:

_____             _____
Xitlalli Bobadilla                        Jennifer Hutchings
U.S. Probation Officer Specialist         Supervisory U.S. Probation Officer
Date Signed: January 12, 2025

**RE:** Webster, Darius Lamar 4
    0971 4:24CR00317-001

Having considered the information set forth above, the court finds there is probable cause to believe there has been a violation of the conditions of supervision and orders:

☒ The issuance of a no bail warrant AND ORDER THAT THIS FORM BE FILED UNDER SEAL, AND NO PUBLIC RECORD OF WARRANT ISSUANCE BE MADE. THE FORM SHALL BE UNSEALED AND BE PART OF THE PUBLIC RECORD UPON ITS EXECUTION.

☐ Other:

January 13, 2025
Date

Jon S. Tigar
United States District Judge

NDC-SUPV-FORM 12C(2)  1/12/2024

**RE:**  Webster, Darius Lamar                                                                                               5
         0971  4:24CR00317-001

## APPENDIX

Grade of Violations:  B [USSG § 7B1.3(a)(2), p.s.]

Criminal History at the time of sentencing:  IV

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **Custody:** | Two years<br>18 U.S.C. § 3583(e)(3) | 12-18 months<br>USSG § 7B1.4(a), p.s. |
| **Supervised Release:** | 3 years less any custody imposed on revocation<br>18 U.S.C. § 3583(h) | 3 years less any custody imposed upon revocation<br>USSG §7B1.3(g)(2), p.s. |
| **Probation:** | Not Applicable | Not Applicable |